UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEVIN L. JOHNSTON | : | |
| | : | |
| v. | : | C.A. No. 09-167S |
| | : | |
| URBAN LEAGUE OF RHODE | : | |
| ISLAND, INC. and DENNIS B. | : | |
| LANGLEY | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff, Kevin L. Johnston, initiated this action on April 8, 2009 against his former employer, the Urban League of Rhode Island, Inc. and his former supervisor, Dennis B. Langley – the Urban League's CEO – in his individual capacity. Plaintiff originally asserted state and federal statutory claims of discrimination and retaliation against the Urban League and Mr. Langley. As the result of a prior Motion to Dismiss filed by Mr. Langley, Plaintiff's federal statutory claims against Mr. Langley were dismissed and only state statutory claims remain. (See Document Nos. 12 and 46). However, both federal and state claims remain pending against the Urban League.

Mr. Langley now moves to dismiss all the remaining state claims pending claims against him arguing that, since the federal claims against him have been dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state claims against him. (Document No. 45). Plaintiff opposes the Motion. (Document No. 48). Mr. Langley's Second Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72.

**Discussion**

Plaintiff originally sued both Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Document No. 1, Counts III, IV and VI).  Thus, he invoked this Court's subject matter jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331.  Id., ¶ 4. Plaintiff has not alleged in his Complaint or in his opposition to Defendant Langley's instant Motion to Dismiss that the Court has independent grounds for subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

The issue presented by Mr. Langley's Motion to Dismiss is whether this Court can and should exercise supplemental jurisdiction (28 U.S.C. § 1367) over him under the facts and circumstances of this case.  Section 1367(a), 28 U.S.C., provides in relevant part as follows:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In support of his Motion to Dismiss, Mr. Langley relies upon only two cases in his single page Memorandum of Law: Camelio v. Am. Fed'n, 137 F.3d 666 (1st Cir. 1998), and Soto-Martinez v. Colegio San Jose, Inc., No. 08-2374 (JAG), 2009 WL 2957801 (D.P.R. Sept. 9, 2009).  However, both of these cases are factually distinct.  In both, the Court declined to exercise supplemental jurisdiction over state law claims where all of the federal claims were dismissed.  In this case, federal claims remain as to the Urban League, Mr. Langley's co-Defendant, and the federal and state claims against both Defendants arise out of a common nucleus of operative facts, i.e., Plaintiff's former employment at the Urban League.

-2-

Mr. Langley's Motion to Dismiss implicates the historical common law concept of pendent party jurisdiction. Pendent party jurisdiction permitted a federal court to exercise jurisdiction over a party who would not otherwise be subject to federal subject matter jurisdiction because the claim against that party arose from a common nucleus of operative facts with a claim against another party that was properly within the federal court's subject matter jurisdiction. In <u>Finley v. United States</u>, 490 U.S. 545 (1989), the Supreme Court rejected pendent party jurisdiction as a valid exercise of Article III subject matter jurisdiction. <u>See also</u> <u>Aldinger v. Howard</u>, 427 U.S. 1 (1976). However, it held that Congress had constitutional authority to establish pendent party jurisdiction but had not yet expressly done so. <u>Id.</u>; <u>see also</u> <u>Millan v. Hosp. San Pablo</u>, 389 F. Supp. 2d 236 (D.P.R. 2005).

In the Judicial Improvements Act of 1990, Congress exercised that authority and enacted the supplemental jurisdiction statute (28 U.S.C. § 1367) which codified the concepts of pendent and ancillary jurisdiction. It provides the federal court with supplemental jurisdiction over "all other claims that are so related to claims in the action...within [the federal court's] original jurisdiction that form part of the same case or controversy...including claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).[1]

The concept of pendent party/supplemental jurisdiction is intended to promote judicial efficiency and avoid piecemeal litigation. <u>See</u> <u>Caranci v. Blue Cross & Blue Shield of R.I.</u>, 194 F.R.D. 27, 36-37 (D.R.I. 2000) ("Supplemental jurisdiction extends to pendent parties and [allows the Court]...to hear both state and federal claims if they all would ordinarily be expected to be tried in one judicial proceeding."). Here, Plaintiff's state law discrimination and retaliation claims against Mr. Langley arise out of the same facts as his state and federal law discrimination and retaliation claims against the Urban League. Thus, due to the presence of Plaintiff's federal claim against the Urban League and the fact that both the federal

---

[1] The exercise of supplemental jurisdiction is more restrictive in cases where the federal court's original subject matter jurisdiction is based on diversity than in cases such as this involving a federal question. <u>See</u> 28 U.S.C. § 1367(b).

and state claims arise out of the same facts, Plaintiff's remaining state law claims against Mr. Langley

fall squarely within the parameters of supplemental jurisdiction under 28 U.S.C. § 1367(a).  See Green

Hills (USA), LLC v. Aaron Streit, Inc., 361 F. Supp. 2d 81, 87-89 (E.D.N.Y. 2005).

Having concluded that the Court has supplemental jurisdiction over Mr. Langley, the next issue

is whether the Court should exercise that jurisdiction.  Section 1367(c), 28 U.S.C., permits the Court to

decline to exercise supplemental jurisdiction if:

> (1)    the claim raises a novel or complex issue of State law,
>
> (2)    the claim substantially predominates over the claim or claims over
> which the district court has original jurisdiction,
>
> (3)    the district court has dismissed all claims over which it has original
> jurisdiction, or
>
> (4)    in exceptional circumstances, there are other compelling reasons
> for declining jurisdiction.

In his Motion and Memorandum, Mr. Langley does not cite 28 U.S.C. § 1367(c) or specifically address

any of the reasons for declining supplemental jurisdiction.  Mr. Langley's only argument (see Document

No. 45-2) is that the dismissal of the federal claims against him requires the dismissal of the state law

claims remaining against him.  However, as detailed above, the Court has supplemental jurisdiction over

Mr. Langley because both state and federal claims remain pending against the Urban League and those

claims arise out of the same facts as the state claims pending against Mr. Langley.  Thus, by failing to

address any of the Section 1367(c) factors, Mr. Langley has waived any argument that the Court should

exercise its discretion to decline supplemental jurisdiction.

Even assuming Mr. Langley properly addressed the Section 1367(c) factors, none of them

counsel in favor of separately litigating Plaintiff's discrimination claims against the Urban League in this

Court and his related discrimination claims against Mr. Langley in State Court.  See Parker v. Scrap

Metal Processors, Inc., 468 F.3d 733, 743-747 (11th Cir. 2006) (discussing and applying the Section

1367(c) factors).  Plaintiff's discrimination claims against Mr. Langley do not present novel or complex state law issues and such claims do not substantially predominate over Plaintiff's related discrimination claims against Mr. Langley's employer, the Urban League.  The Court has not dismissed Plaintiff's federal claims against the Urban League and, at this early stage of the case, there are no exceptional circumstances or compelling reasons to split Plaintiff's related claims against the Urban League and Mr. Langley and litigate them in separate forums.  In fact, concerns for judicial economy, convenience, and consistency of outcome, all weigh in favor of litigating these related cases together in one forum.

**Conclusion**

For the foregoing reasons, I recommend that Mr. Langley's Second Motion to Dismiss (Document No. 45) be DENIED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 16, 2009